·LEVENTRITT, J.   The petition seeks a revision solely on the ground of inequality.   On the application to the tax commissioners only one instance of alleged inequality was set forth.   The petition does not set forth any additional ones.   This does not meet the requirements of the law.   Tax Law (Laws 1896, c. 908, p. 883) § 253; Rumsey on Taxation, 316; People ex rel. Warren v. Carter, 109 N. Y. 576, 17 N. E. 222; People ex rel. Boehm v. Wells (December 17, 1903) 92 N. Y. Supp. 769.

Motion to quash writ granted, with costs.

## NARINSKY v. FIDELITY SURETY CO.

### (Supreme Court, Appellate Term.   March 21, 1905.)

INSURANCE—ACTION ON POLICY—PRODUCTION OF BOOKS—DEMAND.
  Failure of plaintiff, in an action on a fire policy on a stock of goods, to produce books and vouchers, may not be complained of, there having been no proper demand for their production.
  [Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1348, 1385.]

Appeal from City Court of New York, Special Term.

Action by Sarah Narinsky against the Fidelity Surety Company, as attorney in fact, and representing John W. Newberry and others, underwriters of the Fidelity Insurance Association, on a fire policy on a stock of goods.   From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

W. E. Kisselburgh, for appellant.
Goldfogle, Cohn & Lind, for respondent.

BLANCHARD, J.   Only one ground of error need be referred to, and that relates to the failure to produce books, papers, and vouchers. In the first place, there was not a proper demand for their production, and, in the second place, their nonproduction was sufficiently excused. The judgment should be affirmed, with costs.   All concur.

## FRENCHI v. NEW YORK CITY RY. CO.

### CAMPIGLIA v. SAME.

### (Supreme Court, Appellate Term.   March 21, 1905.)

1. TRIAL—MOTIONS TO STRIKE TESTIMONY—COMPLIANCE BY COURT.
  In an action for damages sustained by a collision between a street car and a team, a witness testified that prior to the accident "the motor man or conductor of the car behind said, 'Shove the son of a bitch.'" Defendant moved to strike out the words "the motorman or conductor of the car behind." Held, that it was not error, as against defendant, for the court to comply with the request as made, and to permit the remainder of the testimony to remain in the case as part of the res gestæ.

**2. NEW YORK MUNICIPAL COURT—JURISDICTION—AMOUNT OF DEMAND—DE-TERMINATION BY COMPLAINT.**

A written complaint in the New York Municipal Court demanding judgment for $499 confers jurisdiction on that court, which is not affected, nor is the demand of the complaint enlarged, by a bill of particulars containing a statement of damages amounting to $600.

**3. SAME—AMOUNT OF JUDGMENT.**

The New York Municipal Court may render judgment for $499 damages, together with costs and allowances.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Separate actions by Enrico W. Frenchi and by Vinzo Campiglia against the New York City Railway Company. The actions were tried together, and, from judgments in favor of the respective plaintiffs in each, defendant appeals. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

William E. Weaver, for appellant.
Feltenstein & Rosenstein, for respondents.

BLANCHARD, J. These two actions grew out of the same accident, and were tried together. It was claimed on the trial that one of the defendant's cars collided with a furniture van. The Frenchi action sought to recover damages to the contents of the van, and the Campiglia action sought to recover damages to the van and team itself. The trial court found for the plaintiff in each case, and the defendant appeals.

The appellant challenges the finding of the trial court on several grounds. It claims that its car did not strike the van at all, and strives to explain the accident in other ways. There is abundant evidence in the record to satisfy the court that the defendant's car struck the van, knocking it over and inflicting the injuries complained of, and that they were caused through the negligence of the defendant, and without negligence on the part of the plaintiffs.

Upon his direct examination one of the plaintiffs' witnesses testified that prior to the accident "the motorman or conductor of the car behind said, 'Shove the son of a bitch.'" The defendant moved to strike out the words "the motorman or conductor of the car behind." The court struck them out, but allowed the rest to stand as a part of the res gestæ. We discover no error in this ruling of the court, nor do we see how the defendant was injured by it. An examination of the record will disclose that the court struck out all that the defendant asked to have struck out.

The appellant also claims that the Frenchi judgment is in excess of the jurisdiction of the court. The complaint, which was in writing, demanded judgment for $499. The bill of particulars contained a statement of damage, amounting to $600. The bill of particulars did not extend the demand of the complaint, and the plaintiff had the right to waive the excess, which he did by bringing the action for less than $500. When the complaint is in writing, it is the complaint, and not the bill of particulars, which determines the jurisdiction. The

trial court, in giving judgment for the sum of $499 damages, besides costs and allowances, committed no error.

The appellant's counsel cites the case of Cohen v. Lewsen, 92 N. Y. Supp. 59, decided at the January Appellate Term of this court, as authority for his contention that the judgment is void because for a sum in excess of $500. He misapprehends the application of that decision. Upon a motion for reargument at the February Appellate Term, the court handed down a further memorandum in that case showing that the only statement of the amount of the plaintiff's claim was contained in a bill of particulars. The return in the case from the Municipal Court did not contain the summons showing the amount of the claim. The court, therefore, assumed that the action was brought for the sum stated in the bill of particulars. That amount was in excess of $500. The court, therefore, concluded that the Municipal Court had no jurisdiction to entertain the action.

The judgment appealed from should be affirmed, with costs. All concur.